## THE STATE OF NEW JERSEY v. WILSON.

1812.

A legislative act, declaring that certain lands which should be purchased for the Indians, should not, thereafter, be subject to any tax, constituted a contract, which could not be rescinded by a subsequent legisla-

THIS case was submitted to this Court, upon a statement of facts, without argument.

*March 3d....All the Judges being present,*

MARSHALL, *Ch. Justice,* delivered the opinion of the Court as follows:

This is a writ of error to a judgment rendered in the Court of last resort in the state of New Jersey, by which the Plaintiffs allege they are deprived of a right secured to them by the constitution of the United States.

The case appears to be this.

The remnant of the tribe of Delaware Indians, previous to the 20th February, 1758, had claims to a considerable portion of lands in New Jersey, to extinguish which became an object with the government and proprietors under the conveyance from King Charles 2d, to the Duke of York. For this purpose a convention was held in February, 1758, between the Indians and commissioners appointed by the government of New Jersey; at which the Indians agreed to specify particularly the lands which they claimed; release their claim to all others; and to appoint certain chiefs to treat with commissioners on the part of the government for the final extinguishment of their whole claim.

On the 9th of August, 1758, the Indian deputies met the commissioners and delivered to them a proposition reduced to writing—the basis of which was, that the government should purchase a tract of land on which they might reside—in consideration of which they would release their claim to all other lands in New Jersey south of the river Rariton.

This proposition appears to have been assented to by the commissioners; and the legislature on the 12th of August, 1758, passed an act to give effect to this agreement.

This act, among other provisions, authorizes the purchase of lands for the Indians, restrains them from granting leases or making sales, and enacts " that the " lands to be purchased for the Indians aforesaid shall " not hereafter be subject to any tax, any law usage or " custom to the contrary thereof, in any wise notwith- " standing."

In virtue of this act, the convention with the Indians was executed. Lands were purchased and conveyed to trustees for their use, and the Indians released their claim to the south part of New Jersey.

The Indians continued in peaceable possession of the lands thus conveyed to them until some time in the year 1801, when, having become desirous of migrating from

STATE OF
N. JERSEY
v.
WILSON.

the state of New Jersey, and of joining their brethren at Stockbridge, in the state of New York, they applied for, and obtained an act of the legislature of New Jersey, authorizing a sale of their land in that state.

This act contains no expression in any manner respecting the privilege of exemption from taxation which was annexed to those lands by the act, under which they were purchased and settled on the Indians.

In 1803, the commissioners under the last recited act sold, and conveyed the lands to the Plaintiffs, George Painter and others.

In October, 1804, the legislature passed an act repealing that section of the act of August, 1758, which exempts the lands therein mentioned from taxes. The lands were then assessed, and the taxes demanded. The Plaintiffs thinking themselves injured by this assessment, brought the case before the Courts in the manner prescribed by the laws of New Jersey, and in the highest Court of the state, the validity of the repealing act was affirmed and the land declared liable to taxation. The cause is brought into this Court by writ of error, and the question here to be decided is, does the act of 1804 violate the constitution of the United States.

The constitution of the United States declares that no state shall " pass any bill of attainder, *ex post facto* law, or law impairing the obligation of contracts."

In the case of *Fletcher v. Peck*, it was decided in this Court on solemn argument and much deliberation, that this provision of the constitution extends to contracts to which a state is a party, as well as to contracts between individuals. The question then is narrowed to the enquiry whether in the case stated, a contract existed and whether that contract is violated by the act of 1804.

Every requisite to the formation of a contract is found in the proceedings between the then colony of New Jersey and the Indians. The subject was a purchase on the part of the government of extensive claims of the Indians, the extinguishment of which would quiet the title to a large portion of the province. A proposition to this effect is made, the terms stipulated, the

consideration agreed upon, which is a tract of land with STATE OF the privilege of exemption from taxation; and then in N. JERSEY consideration of the arrangement previously made, one *v.* of which this act of assembly is stated to be, the Indians WILSON. execute their deed of cession. This is certainly a con- tract clothed in forms of unusual solemnity. The priv- ilege, though for the benefit of the Indians, is annexed, by the terms which create it, to the land itself, not to their persons. It is for their advantage that it should be annexed to the land, because, in the event of a sale, on which alone the question could become material, the value would be enhanced by it.

It is not doubted but that the state of New Jersey might have insisted on a surrender of this privilege as the sole condition on which a sale of the property should be allowed. But this condition has not been insisted on. The land has been sold, with the assent of the state, with all its privileges and immunities. The pur- chaser succeeds, with the assent of the state, to all the rights of the Indians. He stands, with respect to this land, in their place and claims the benefit of their con- tract. This contract is certainly impaired by a law which would annul this essential part of it.

### Judgment of the Court.

This cause came on to be heard on the transcript of the record of the writ of error of the state of New Jer- sey, and was argued by counsel on the part of the Plain- tiffs in error: on consideration whereof, it is the opin- ion of the Court, that there is error in the judgment of the said Court of errors in this, that the judgment of the said Court is founded on an act passed by the legis- lature of the state of New Jersey, in December, 1804, entitled. " An act to repeal part of an act respecting lands purchased for the Indians;" which act, in the opinion of this Court, is repugnant to the constitution of the United States, in as much as it impairs the obli- gation of a contract, and is, on that account, void. It is therefore considered by the Court, that the said judg- ment be reversed and annulled, and that the cause be remanded to the said Court of errors, that judgment may be rendered therein annulling the assessment in the proceedings mentioned, so far as the same may res- pect the land in the said proceedings also mentioned.