MORRIS CANAL AND BANKING COMPANY AND LEHIGH VALLEY RAILROAD COMPANY, PLAINTIFFS IN ERROR, v. STATE BOARD OF ASSESSORS, DEFENDANTS IN ERROR.

Argued June 24, 1908—Decided November 16, 1908.

1. Although a contract of exemption from taxation is valid, yet its provisions are to be construed most strongly against him who claims the benefit of it. It should be rigidly scrutinized, and never permitted to extend, either in scope or duration, beyond what the terms of the concession clearly require.
2. The charter of the Morris Canal and Banking Company contained the following contract of exemption from taxation: "No state, county, township or other public assessments, taxes or charges whatsoever shall at any time be laid or imposed upon the said canal company, or upon the stocks and estates which may become vested in them under this act, but this exemption shall not extend to any other estate or property of the company than such as is possessed, occupied and used by the said company for the actual and necessary purposes of said canal navigation under this act, according to the true intent and meaning thereof." Subsequent to. the making of this contract the company leased its property and franchises in perpetuity to the Lehigh Valley Railroad Company under legislative sanction. *Held, first,* that so far as the immunity from taxation contained in the charter is a personal privilege conferred upon the company, it is incapable of transfer without express legislative authority, and that no such authority is to be found in the statute sanctioning the lease; *held second,* that the grant of immunity, so far as it is an appurtenant to the property of the company, continued in force only so long as that property remained in the possession, occupation and use of the company, and was suspended when the possession, occupation and use thereof passed to the Lehigh Valley Railroad Company as lessee.

On writ of error to the Supreme Court.

For the plaintiffs in error, *William H. Corbin.*

For the defendants in error, *Robert H. McCarter,* attorney-general, *Bennet Van Syckel* and *John R. Hardin.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.  The judgment brought before us by this writ of error sustains the validity of a tax levied by the state board of assessors upon the canal and its appurtenances of the Morris Canal and Banking Company, under the Railroad and Canal Tax act of 1884 and its supplements. The sole question for determination is whether the property taxed is exempt under the taxing provision contained in the charter of the company.  That provision is found in the fourth section of the charter, and is as follows: "No state, county, township or other public assessments, taxes or charges whatsoever shall at any time be laid or imposed upon the said canal company, or upon the stocks and estates which may become vested in them under this act, but this exemption shall not extend to any other estate or property of the company than such as is possessed, occupied and used by the said company for the actual and necessary purposes of said canal navigation under this act, according to the true intent and meaning thereof." *Pamph. L.* 1824, *p.* 158.

That this charter provision constituted a contract between the state and the corporation which cannot be annulled or altered by the state, without the consent of the corporation, is conceded by the attorney-general and his associates.

In the year 1871 the canal company leased its property and franchises to the Lehigh Valley Railroad Company in perpetuity, under authority of a supplement to its charter passed in that year, which provided that "it shall and may be lawful for the Morris Canal and Banking Company, by and with the consent of a majority in interest of the stockholders of said company, expressed in writing and duly authenticated by affidavit and filed in the office of the secretary of state, to lease the canal of said company, or any part thereof, with all or any of its boats, property, works, appurtenances and franchises, to any person or persons, or corporation, either perpetually or for such shorter time, and upon such terms and agreements as may be agreed upon between the said contracting parties, and it shall be lawful for the lessee, or the lessees,

under said lease, to use and enjoy the said property and franchises so demised for the term in said lease mentioned." *Pamph. L., p.* 444. The lease itself not only demised the canal with its appurtenances, and all the corporate franchises of the canal company, except that of the incorporation, but also assigned all of the corporate rights and privileges then held, or thereafter to be acquired, by the canal company.

The contention on the part of the state is that the effect of this lease was to put an end to the immunity from taxation theretofore enjoyed by the Morris Canal Company upon its canal and appurtenances, and to subject that property thereafter to the operation of such general laws as should impose taxes upon railroad and canal property. On the other hand, the plaintiffs in error deny that this was the effect of the lease, and assert that this instrument, by the clause assigning to the lessee all corporate rights and privileges of the canal company, preserved that immunity in its completeness, and transferred its enjoyment to the Lehigh Valley Railroad Company.

Immunity from taxation is sometimes a personal privilege, and sometimes a privilege annexed to property as an appurtenant to it. When it is a personal privilege it is incapable of transfer without express statutory direction. *Morgan* v. *Louisiana,* .93 *U. S.* 223. When it is annexed to property it passes with the grant of that property as an appurtenant to it. *New Jersey* v. *Wilson,* 7 *Cranch* 164. The charter provision now under consideration exempts both the canal company and the stocks and estates which may become vested in it, and so would seem to confer a privilege, not only personal, but also annexed to the property of the company. So far as it is personal the clause in the lease to which we have referred did not, in our judgment, operate to transfer it to the lessee company, for we find nothing contained in the legislative authorization to the canal company to lease its property and franchises which can be construed into a consent by the state that this personal privilege granted to the canal company should be passed by it to its lessee.

Nor does it seem to us that this immunity passed to the Lehigh Valley Company as an appurtenant to the property leased to it. Although a contract of exemption from taxation is valid, yet its provisions are to be construed most strongly against him who claims the benefit of it. Where it exists it is to be rigidly scrutinized, and never permitted to extend, either in scope or duration, beyond what the terms of the concession clearly require. It is in derogation of public right, and narrows a trust created for the good of all. *Tucker* v. *Ferguson,* 89 *U. S.* 527; *Memphis Railroad Co.* v. *Commissioner,* 112 *Id.* 617; *State Board of Assessors* v. *Morris and Essex Railroad Co.,* 20 *Vroom* 199; *Sisters of Charity of St. Elizabeth* v. *Cory, Collector,* 44 *Id.* 699. The present charter contract does not provide for a perpetual immunity from taxation. It declares that the "exemption shall not extend to any other estate or property of the company than such as is possessed, occupied and used by the said company for the actual and necessary purposes of canal navigation." The meaning of this limitation, in view of the principle thus quoted, seems to us to be clear. By force of it the property of the company is relieved from taxation only so long as it is possessed by the company, occupied by the company, and used by the company. When any one of these three conditions ceases to exist the immunity from taxation granted by the charter comes to an end. The effect of the lease to the Lehigh Valley Railroad Company was to pass to it the possession of the leased property, with the full right to occupy and use the same. Since that lease went into effect the Morris Canal Company has neither possessed, occupied or used any part of that property, and so long as that property remains out of its possession, so long as it ceases to occupy and use it, the immunity from taxation conferred upon it and its property by the charter provision under consideration is suspended. Whether, in case the lease should be terminated by the default of the lessee, or otherwise, and the property should thereby revert to the lessor, and be thereafter occupied and used by it, this grant of immunity will be revived, is not before us for de-

termination. It is enough to say that, under present conditions, the Morris canal, with its appurtenances, is subject to taxation under the Railroad and Canal Tax act of 1884.

The judgment under review will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J. 15.

*For reversal*—None.