PRYOR *et al.*, COM'RS OF SABOUGLA DRAINAGE DIST., *v.* GO-ZA *et al.*

(In Banc. January 28, 1935. Suggestion of Error Overruled, March 11, 1935.)

[159 So. 99. No. 31559.]

W. J. Evans, of Calhoun City, and **Stone & Stone**, of Coffeeville, for appellants.

**C. A. Jaquess, Dulaney & Bell** and **W. L. Bankston,** all of Tunica, for appellants.

**C. R. Bolton,** of Tupelo, for appellees.

Thos. L. Haman, of Houston, for appellees.

**Anderson, J.,** delivered the opinion of the court.

The Legislature of 1932 adopted a bankruptcy act for drainage districts (chapter 278, Laws 1932). Appellants, the commissioners of the Sabougla drainage district No. 2 in Calhoun and Webster counties and a majority of the landowners of the district, filed their bill in the chancery court of Calhoun county, making appellees, People's Bank & Trust Company and R. E. Goza, who are the owners and holders of the bonds of the district of the face value of thirty-one thousand dollars, and all others provided for by the statute, parties to the cause. Appellees demurred to the bill, one ground of which was that the statute was unconstitutional, in that it violated the contract clause of both the federal and state Constitutions (Const. Miss. section 16; Const. U. S. art. 1, sec. 10, cl. 1). The demurrer was sustained, and final decree entered dismissing the bill. From that decree appellants prosecute this appeal.

The bill and exhibits constitute the necessary averments under the statute, in short, that the assessed benefits of the district which constitute its assets are wholly

insufficient in value to pay the bonded and other indebtedness. The statute provides a method of valuing the assets, and, when the value is ascertained to be less than the bonded and other indebtedness of the district, for the issuance of liquidation certificates in lieu thereof in amounts proportioned to such reduced value. In other words, the indebtedness of the district is scaled down to that extent. When the liquidation certificates are discharged, section 20 of the act provides that the lands of the district shall not be subject to any further taxes levied against the assessed benefits, except taxes for maintenance and administration "which may be levied under acts of the Legislature hereafter enacted." The outstanding obligations are not only scaled down to come within the decreased value of the assessed benefits of the district, but, in addition, the liquidation certificates may be made to become due and payable at different dates from such obligations.

The affairs of the district are not to be wound up and the district discontinued. On the contrary, it is provided that it shall remain a going concern, notwithstanding its bankruptcy. The statute is unusual in that respect, as in others. One other is that it provides a scheme of bankruptcy for a political subdivision of the state. Drainage districts are provided for by our statutes, not only for the purpose of the reclamation of swamp and overflowed lands for agriculture, but also for the promotion of the public health. They have governmental powers. Standard Oil Co. v. National Surety Co., 143 Miss. 841, 107 So. 559; Tallahatchie Drainage District v. Yocona-Tallahatchie Drainage District, 148 Miss. 182, 114 So. 264.

It is difficult to conceive of the insolvency of a taxing district; the lands constituting the district are there—they cannot be lost except by tax title in the state. Furthermore, the assessed benefits of the district may be

wholly insufficient to pay its obligations during the years of an economic depression and amply sufficient for many years after recovery from such depression. If the Legislature has the power to enact a bankruptcy law for a drainage district—one of the state's governmental units —why not for counties, municipalities, and levee districts, and, if that could be done, why not a bankruptcy law for the state itself?

Would the enforcement of the statute impair the obligation of the contract evidenced by the bonds held by appellees? We think it clear that that question must be answered in the affirmative. Where a statute makes the contract more beneficial to one party and less to the other than its terms provide, its obligation is impaired; releasing only a part of the obligation impairs the contract. A law which enlarges, abridges, or in any substantial manner changes the intention of the parties as expressed in the contract impairs the obligation. A law dispensing with any substantial force of the contract imposing conditions not expressed, or dispensing with those expressed, is a violation of its obligation. Green v. Biddle, 8 Wheat. 84, 5 L. Ed. 547; Edwards v. Kearzey, 96 U. S. 595, 24 L. Ed. 793; McGahey v. Virginia, 135 U. S. 662, 10 S. Ct. 972, 34 L. Ed. 304; Farmers' & M. Bank v. Smith, 6 Wheat. 131, 5 L. Ed. 224; New Jersey v. Wilson, 7 Cranch, 164, 3 L. Ed. 303; Oshkosh Waterworks Co. v. Oshkosh, 187 U. S. 437, 23 S. Ct. 234, 47 L. Ed. 249; Sturges v. Crowninshield, 4 Wheat. 122, 4 L. Ed. 529; Antoni v. Greenhow, 107 U. S. 769, 2 S. Ct. 91, 27 L. Ed. 468; McCracken v. Hayward, 2 How. 608, 11 L. Ed. 397; Ogden v. Saunders, 12 Wheat. 213, 6 L. Ed. 606; Pennsylvania v. Wheeling, etc., Bridge Co., 18 How. 421, 15 L. Ed. 435. "The obligation of a contract imports, for the most part, its binding force upon the obligor to perform the duty agreed on, according to the nature and effect of the contract. It relates

to the performance rather than to a breach of the contract. The nature, construction, and effect of a contract are governed by the laws existing when and where it was made, or where it is, by its terms, to be performed; and, in this respect, the rights of the parties under the contract are beyond the legislative power." Price v. Harley, 142 Miss. 584, 107 So. 673, 674.

A state bankruptcy law discharging liability on contracts entered into before its passage impairs the obligation of such contract and is void. Sturges v. Crowninshield, supra; Ogden v. Saunders, supra; Denny v. Bennett, 128 U. S. 497, 9 S. Ct. 134, 32 L. Ed. 491. The bonds here involved were issued and sold in 1924 and the statute enacted in 1932. The contract clause of the Federal Constitution applies, not only to state action impairing the obligation of contracts of persons, partnerships, and corporations engaged in private business, but to contracts by the state itself and all of its political subdivisions, including counties, municipalities, and other taxing districts. New York Guaranty & I. Co. v. Board of Liquidation, 105 U. S. 622, 26 L. Ed. 1106; Hall v. Wisconsin, 103 U. S. 5, 26 L. Ed. 302; State of Louisiana v. Jumel, 107 U. S. 711, 2 S. Ct. 128, 27 L. Ed. 448; Curran v. Arkansas, 15 How. 304, 14 L. Ed. 705; State of Mississippi v. Miller, 276 U. S. 174, 48 S. Ct. 266, 72 L. Ed. 517.

We conclude that the statute is violative of the contract clause of both the state and Federal Constitutions, and therefore void. Instead of providing for the bankruptcy of drainage districts, the statute provides a scheme for the repudiation of their indebtedness. Having reached the conclusion that the statute is void, we are not called upon to decide whether or not the amendment to the Federal Bankruptcy Act (sections 78-80), chapter 9, approved May 24, 1934 (11 U. S. C. A. sections 301-303), supplanted the state statute because it has oc-

cupied the entire field, and, if it does, whether Congress under the bankruptcy clause of the Federal Constitution (article 1, section 8, clause 4) has the power to pass such an act. That amendment provides for. the bankruptcy of counties, municipalities, and all other character of taxing districts. The procedure in this cause was not under that statute but under the state statute.

We would not be understood as holding our state statute void as to debts incurred after its adoption; that question is not involved, and therefore not decided. It is as to debts incurred before the adoption of the statute that we are holding it unconstitutional and void.

Affirmed.