## Evans *v.* Bankston *et al.*

(In Banc. May 22, 1944. Suggestion of Error Overruled June 12, 1944.)

[18 So. (2d) 301. No. 35549.]

E. C. Brewer, of Clarksdale, Dulaney & Bell, of Tunica, and W. C. Rodgers, of Memphis, Tenn., for appellant.

**W. L. Bankston,** of Tunica, and **W. W. Venable,** of Clarksdale, for appellees.

Argued orally by **J. W. Bell** and **J. W. Dulaney** and **E. C. Brewer,** for appellant, and by **W. W. Venable** and **W. L. Bankston,** for appellees.

**Anderson, J.,** delivered the opinion of the court.

There are four of these appeals from the circuit court of Tunica County. They are, in addition to the one now under consideration, styled as follows: Bailey v. Bankston et al., Trustees, 196 Miss. 548, 18 So. (2d) 304; Reinhardt v. Bankston et al., Trustees, 196 Miss. 549, 18 So. (2d) 304; and Reinhardt v. Bankston et al., Trustees, 196 Miss. 549, 18 So. (2d) 304. All four of them are identical in all essential respects. The questions involved are the same; so the decision in one decides all of them.

The main question involved is whether or not a drainage district, organized under the laws of this state, and which has become insolvent, is subject to having its affairs administered and wound up by the Federal District Court under the act of Congress of August 16, 1937, 50 Stat. 653, amending the Bankruptcy Act by adding Chapter 10, 11 U. S. C. A., Sec. 401 et seq., providing for the composition of the indebtedness of taxing districts and other governmental agencies therein described, among which are drainage districts. There is a less important question which will be stated when reached.

The Pritchard Drainage District of Tunica County was organized under Chapter 195, Laws 1912, and amendments thereto. The lands therein, now owned by these appellants, were at different times forfeited to the state for the nonpayment of their state and county taxes. Not having been redeemed within the time prescribed by statute, they were later sold by the state and purchased by and patented to these appellants. The purchase, however, by appellants from the state was not joint, but each purchased a certain portion of such lands, which was patented to him.

The Drainage District became insolvent. Its bonded indebtedness was $266,919.43; its total assessed benefits $222,999.89; leaving an insolvency of $43,919.54. The drainage commissioners of the district, and all of the bondholders applied to the proper Federal District Court

to have its affairs administered under the Federal Bankruptcy Statute above referred to. Their petition for that purpose was granted, and trustees appointed to carry out the scheme. Appellants' lands had necessarily escaped the drainage taxes during the period they were owned by the state. The statute provides that the drainage taxes shall continue to be a lien on the land until paid. Our court held in Waits v. Black Bayou Drainage Dist., 185 Miss. 626, 189 So. 103, that state lands were not discharged from their drainage taxes accruing during the time they were held by the state under tax sale; that the purchaser from the state took them subject to such drainage tax. Under the authority of that decision, the trustees in bankruptcy and the drainage commissioners joined in a petition before the board of supervisors of the county, asking that these landowners be brought before the board for the purpose of having the amounts of these delinquent taxes fixed, and after so doing they be required to pay them; and on failure, their land to be sold by the sheriff for that purpose who was authorized so to do.

The landowners appeared and filed a plea in abatement to the petition, setting up two grounds; (1) that the Federal bankruptcy proceedings were void, and therefore the trustees appointed by the bankruptcy court were without authority to join with the drainage commissioners; (2) that the petitioners were without right to institute and maintain the proceeding, because the drainage commissioners "have failed to file certain reports required by Section 4497, Code 1930, Section 4723, Code 1942, which reports should contain certain information necessary to a proper presentation of the defense of the said" (one of the landowners). We will consider these questions in the order stated.

In considering the first question we should bear in mind the decisions of our court with reference to the character and purposes of such drainage districts. They are organized and conducted, not alone for the purpose

of the reclamation of wet and overflowed lands in order to promote agriculture, but, in addition, to conserve the public health. Pryor et al., Com'rs of Sebougla Drainage District, v. Goza, 172 Miss. 46, 159 So. 99; Standard Oil Co. v. National Surety Co., 143 Miss. 841, 107 So. 559; Tallahatchie Drainage District v. Yocona-Tallahatchie Drainage Dist., 148 Miss. 182, 114 So. 264. Malarial mosquitoes, one of the outstanding menaces to the health of this state, breed in stagnant water—not running water. One of the objects of the drainage districts was to get rid of them. These districts are, therefore, political subdivisions of the state—they are governmental agencies, as well as private enterprises. By no act of the legislature has the state given its consent that the affairs of such districts becoming insolvent, may be administered, on their application, in the Federal Bankruptcy Courts, under the Federal Bankruptcy Statute above referred to. Such consent is indispensable. Otherwise the Federal Government could materially restrict the states in the control of their fiscal, as well as other governmental, affairs. Ashton v. Cameron County Water Measurement Imp. Dist., 298 U. S. 513, 56 S. Ct. 892, 80 L. Ed. 1309; United States v. Bekins, 304 U. S. 27, 58 S. Ct. 811, 82 L. Ed. 1137. There would be no stopping place. Why not insolvent municipalities, counties and other political subdivisions?

We conclude, therefore, that the Federal Bankruptcy Court was without jurisdiction; and this proceeding is not a collateral attack. We have to look alone to the face of the proceeding in the Federal Court, and the absence of any state statute consenting thereto, in order to determine whether it is void or not.

The other ground for abatement is without any merit whatever. It simply means that if the drainage commissioners had complied with the statute, section 4497, Code of 1930, section 4723, Code 1942, the appellants might have some defense to the proceeding to subject their lands to the drainage taxes. It presents purely a fishing scheme.

Furthermore, any failure to comply with that statute could present no defense to this proceeding. The district was insolvent. That means that the collection of the entire assessed benefits was necessary, but insufficient to pay the bonded indebtedness.

The board of supervisors sustained the plea in abatement and dismissed the proceeding. The trustees and commissioners appealed therefrom to the circuit court on a bill of exceptions embodying the pleadings and the facts. The circuit court declined to pass on whether the bankruptcy proceedings in the Federal Court were valid or not; but held that the trustees in bankruptcy and the drainage commissioners should proceed to collect the delinquent taxes involved; and, in addition, held that there was no merit in the second ground of the plea in abatement.

The result of our holding is that the circuit judge should have held the bankruptcy proceedings void and directed the drainage commissioners alone to proceed to collect the delinquent taxes.

Affirmed in part and reversed and remanded in part.

ON SUGGESTION OF ERROR.

**Anderson, J.**, delivered the opinion of the court on suggestion of error.

There are four of these cases, three in addition to this one, namely, Bailey v. Bankston et al., Trustees, 196 Miss. 548, 18 So. (2d) 304; Reinhardt v. Bankston et al., Trustees, 196 Miss. 549, 18 So. (2d) 304; and Reinhardt v. Bankston et al., Trustees, 196 Miss. 549, 18 So. (2d) 304. The suggestion of error is addressed to the opinion in all four of them.

Responding to the suggestion of error the opinion handed down means that these cases are to be proceeded with as if there had been no adjudication of bankruptcy in the Federal Court, the trustees in bankruptcy are to

be eliminated as parties and the bankruptcy proceeding wholly disregarded. In other words, the trustees in bankruptcy have no right to the custody of the funds here sought to be collected, the Drainage Commissioners alone being entitled thereto without the necessity of instituting any new proceeding therefor.

Overruled.