TOWN OF HEIDELBERG *v.* JASPER COUNTY.

June 8, 1953

No. 38804 34 Adv. S. 194 65 So. 2d 463

*Beard, Pack & Ratcliff*, Laurel, for appellant.

*Robert H. McFarland,* Bay Springs, and *M. M. Roberts,* Hattiesburg, for appellee.

LEE, J.

The Town of Heidelberg filed its suit against Jasper County to recover $44,268.85, being the difference between the amount claimed by the Town, to-wit: $72,250.13, and the amount actually paid by the county, to-wit: $27,981.28, by reason of oil severance tax funds returned to the county. Issue was joined: and at the conclusion of the hearing, the trial judge, sitting as both judge and jury, found for the county, and dismissed the cause with prejudice. From the judgment entered, the Town appeals.

The controversy arose in this way: There are a number of oil wells in the Town of Heidelberg, and, under the provisions of Section 3, Chapter 134, Laws of 1944, the Town was entitled to receive one-third of the oil severance taxes returned to Jasper County. See Jasper County v. Town of Heidelberg, 204 Miss. 780, 38 So. 2d 97.

By House Bill 115, Chapter 746, Laws of 1948, approved February 16, 1948, the Town was authorized to borrow money for the construction and installation of a water and sewerage system and to issue its full faith and credit bonds in the sum of $160,000 therefor. The bill contained this provision relative to the pledge of oil severance taxes: ". . . and the town . . . shall, and is hereby authorized and empowered to place in an interest and sinking fund, to be used exclusively for the repayment of the obligation incurred under the authority of this act, not less than seventy-five per cent (75%) of any money heretofore or hereafter received by the said town . . . as its pro rata share of the oil severance tax under the provisions of Chapter 134, general laws of Mississippi, 1944, and seventy-five per cent (75%) of the funds so received . . . under the provisions of Chapter 134, general laws of Mississippi, 1944, shall remain pledged for the repayment or any indebtedness incurred under the provisions of this act so long as any part thereof remains outstanding and unpaid . . ."

Pursuant to that chapter, and in conformity to the laws of the State, the mayor and board of aldermen of the Town, on April 6, 1948, issued and sold its full faith and credit bonds in the sum authorized for the stated purposes. However, the resolution of issuance contained this provision: "It is further ordered that Seventy-five (75%) per cent of all revenues collected by the Town of Heidelberg, Mississippi, from and after the date hereof under the provisions of Chapter 134 of the General Laws of the State of Mississippi of 1944, *or any amendments or substitutes therefor,* are hereby irre-

vocably pledged and shall be placed in an interest and sinking fund to be used exclusively for the retirement of the principal of and interest on this issue and shall so remain irrevocably pledged until the entire issue, both principal and interest, shall be retired or until there shall be sufficient money in said interest and sinking fund to retire the entire issue on the recall date of June 1, 1959.'' (Emphasis ours.)

There was a covenant of like effect in the form of the bonds: ''For the payment of this bond, both principal and interest, the full faith, credit and resources of the said Town of Heidelberg, Mississippi, are hereby irrevocably pledged; and for the further payment of this bond, both principal and interest, *Seventy-five (75%) per cent of all revenues collected in the future and until this entire issue has been paid, under Chapter 134 of the General Laws of Mississippi of 1944 and any amendments and substitutes therefor, are hereby irrevocably pledged;* said revenues being from the oil severance tax from the oil wells located within the municipality of Heidelberg, Mississippi, of which there are presently Thirty-seven (37), and said sums shall be placed in an interest and sinking fund to be used exclusively for the retirement of the issue of which this is one bond.'' (Emphasis supplied.)

Chapter 510, Laws of 1950, amended Section 3, Chapter 134, supra. The effect of the amendment was to reduce the amount which the Town could receive from these taxes to ''one-third of the tax produced in the municipality and returned to the county.''

The question, therefore, was whether or not the 1950 act was effectual to reduce the Town's pro rata share of such taxes.

The appellant contends that the Act of 1950 impairs its contract with the bondholders, and, is unconstitutional.

Section 16, Article 3, Constitution 1890, forbids the passage by the Legislature of laws impairing the obli-

gation of contracts. This Court has frequently upheld the force and effect of that constitutional provision. Some of the cases are Musgrove v. Vicksburg & Nashville R. R. Company, 50 Miss. 677; Tucker Printing Company v. Board of Supervisors of Attala County, 171 Miss. 608, 158 So. 336; Pryor v. Goza, 172 Miss. 46, 159 So. 99, and authorities there cited.

While Chapter 746, supra, authorized the Town to pledge 75% of such taxes as it should receive under Chapter 134, supra, the resolution of issuance pledged 75% of such taxes as it should receive under that chapter, ''or any amendments and substitutes therefor.'' Of like effect was the covenant in the bonds themselves.

Thus by the terms of the resolution of issuance, the authorities of the Town seemed to take it for granted that the Legislature could amend or change Chapter 134, supra, in which event, an amendment or substitute would be effected. Their purpose was to pledge 75% of such taxes as the Town should receive from the county, and they wrote into the face of the bonds a covenant to that effect.

Wherefore, there has been no impairment whatever of the Town's obligation under its contract with the bondholders. Hence the cause is affirmed.

Affirmed.

*Roberds, P. J.,* and *Kyle, Holmes* and *Lotterhos, JJ.,* concur.