## MILLER, STATE REVENUE AGENT, *v.* GLOBE-RUTGERS FIRE INS. CO.*

(Division A.   April 26, 1926.)

[108 So. 180.   No. 25741.]

1. APPEAL AND ERROR. *Dismissal of appeal being required under either statute, except under first, an act not done would have saved it, determination of its repeal is unnecessary (House Bill No. 90, approved Feb. 23, 1926; Senate Bill No. 76, approved March 12, 1926; Hemingway's Code, section 3286).*

   Whether House Bill No. 90, approved Feb. 23, 1926, was repealed by Senate Bill No. 76, approved March 12, 1926, need not be determined, either requiring dismissal of appeal by revenue agent in suit by him under the anti-trust statute (Hemingway's Code, section 3286), and action by the governor and attorney-general, which alone, under the first, would save it, not having been taken.

2. CONSTITUTIONAL LAW. *Legislative and not judicial power held exercised in reducing authority of revenue agent, though it work abatement of a suit (Constitution 1890, sections 1, 2, 100; Senate Bill No. 76, approved March 12, 1926; Hemingway's Code, section 3286).*

   While Senate Bill No. 76, approved March 12, 1926, providing that the revenue agent shall not bring suit under Anti-Trust Law (Hemingway's Code, section 3286), or prosecute one previously brought, has effect of abating one brought by him, it is not an exercise by legislature of judicial power, in contravention of Constitution 1890, sections 1, 2, but of legislative power, under section 100, of designating duties to be discharged by state officer.

3. STATES. *Obligation to state held not postponed or released by taking away power of revenue agent to maintain suit under Anti-Trust Laws (Hemingway's Code, section 3286; Constitution 1890, section 100; Senate Bill No. 76, approved March 12, 1926).*

   Obligation to state is not postponed or released, in violation of Constitution 1890, section 100, by Senate Bill No. 76, approved March 12, 1926, reducing power of revenue officer by providing that he shall not bring suit under Anti-Trust Law (Hemingway's Code, section 3286), or prosecute one previously brought.

*Corpus Juris-Cyc. References:   Appeal and Error, 4CJ, p. 652, n. 58 New; Constitutional Law, 12CJ, p. 833, n. 79 New; States, 36Cyc, p. 871, n. 88 New.

APPEAL from chancery court of Hinds county.

HON. V. J. STRICKER, Chancellor.

Suit by W. J. Miller, state revenue agent, against the Globe-Rutgers Fire Insurance Company. From an adverse judgment, plaintiff appeals. Appeal dismissed.

*Thos. H. Johnston* and *Stokes V. Robertson,* filed briefs for appellant.

*Green, Green & Potter* and *W. H. Kier,* filed briefs for appellee.

SMITH, C. J., delivered the opinion of the court.

This is a branch of the suit by the revenue agent to collect penalties alleged to be due the state because of alleged violations of the state's Anti-Trust Laws (Hemingway's Code, section 3286), dealt with by this court in the case of *Ætna Insurance Co.* v. *Robertson,* 94 So. 7, 95 So. 137, 131 Miss. 343. When the cause against these appellants came on for trial in the court below, the bill of complaint was dismissed as to them, and the revenue agent has brought the case to this court.

The appellees have filed a motion to dismiss the appeal based on House Bill No. 90, approved February 23, 1926, and Senate Bill No. 76, approved March 12, 1926. The first of these statutes withdraws from the revenue agent the right to sue for violations of the state Anti-Trust Laws, and provides that:

"All civil suits heretofore filed by the revenue agent for a violation of the anti-trust statute of this state and now pending shall be dismissed by the court in which the same is pending unless the governor and the attorney-general shall within (thirty) days from this date file in the said court written authority for the state revenue agent to proceed with the suit."

The governor and the attorney-general have not authorized the revenue agent to proceed with this suit.

The second of these statutes materially modifies the powers of the revenue agent, and expressly provides that:

"The state revenue agent . . . shall not now or hereafter bring, or prosecute any suit heretofore brought, under the authority of the anti-trust statutes of the state, or any suit abated by acts of the 1926 session of the legislature."

We are not here called on to determine whether the second of these statutes repeals the first, for the reason, as hereinbefore stated, the governor and the attorney-general have not authorized the revenue agent to proceed with this suit, consequently that statute cannot here be invoked by him.

The validity of the second statute is challenged by the revenue agent on the ground that it violates sections 1, 2, and 100 of the state Constitution. The first two of these sections deal with the distribution of powers among the three departments of state government, and the argument is that the effect of the statute here under consideration is to abate pending suits, and therefore the legislature, by so providing, has usurped power which properly belongs to the judicial department. Section 100 of the Constitution prohibits the legislature from remitting, releasing, postponing, or diminishing the obligation or liability of any person, association, or corporation held by the state and its political subdivisions, and the argument is that this statute not only postpones, but in effect releases the obligation of the appellees to pay the state the penalties alleged to be due by them to the state for their alleged violation of the state's Anti-Trust Laws.

While the effect of this statute is to abate pending suits brought by the revenue agent under the anti-trust statutes, the abatement thereof results, not from any attempt on the part of the legislature to exercise judicial power, but because of the exercise by the legislature of its purely legislative power of designating the duties to be discharged by a state officer. See section 103 of the state Constitution.

The effect of section 100 of the Constitution on statutes of this character is a closed question, for it was expressly held in *Johnson* v. *Reeves & Co.*, 72 So. 925, 112 Miss. 227, that they do not violate that section of the Constitution.

The statute is valid, and, since it withdraws from the revenue agent power to further prosecute this suit, the motion to dismiss the appeal must be sustained.

*Motion sustained, and appeal dismissed.*