MILLER, STATE REVENUE AGENT, v. HAY *et al.**

(In Banc.   June 15, 1926.)

[109 So. 16. No. 25565.]

CONSTITUTIONAL LAW.  *It is usurpation of judicial power for legislature to declare suit abated and give permission to others to revive it, though object, reduction of power of officer, be within legislative power, if properly exercised (Constitution 1890, sections 1, 2, 33, 144).*

For legislature to declare that certain suit "be, and . . . is hereby, abated," and give permission to others than plaintiff to revive it, is usurpation of judicial power, in view of Constitution 1890, sections 1, 2, 33, 144, and this no less, though the object sought be simply to withdraw from plaintiff officer power to further prosecute the suit, and right to do this by proper means be in the legislature, under its power to define duties of public officers.

*Corpus Juris-Cyc. References: Constitutional Law, 12CJ, p. 833, n. 76; Power of legislature to interfere in litigation, see 6 R. C. L., p. 162; 2 R. C. L. Supp., p. 42; 4 R. C. L. Supp., p. 387.

APPEAL from chancery court of Washington county. HON. E. N. THOMAS, Chancellor.

On motion to dismiss appeal.   Denied.

*Boone, Lowrey & Boone,* for appellant, revenue agent.

The state legislature at its 1926 session passed Senate Bill No. 343, an attempt by the legislature to abate this particular suit. The board of supervisors of Washington county has filed a motion to dismiss this suit, basing the grounds of its motion on said senate bill. It is our contention that this act contravenes the Constitution of Mississippi. See section 87 providing that, "No special or local law shall be enacted for the benefit of individuals or corporations in cases which are or can be provided for by general law, etc."

It cannot be successfully controverted that this is a special, local or private act, in that it seeks to abate a particular suit in a particular county and pending against particular individuals. See *Johnston* v. *Reeves*, 72 So. 925; *Y. & M. V. R. R. Co.* v. *Southern Ry.*, 36 So. 74.

The act in question also violates section 100, Constitution of Mississippi. This act extinguishes the right and claim of the state of Mississippi without payment thereof. The state has an interest in the revenue agent's proceeding in this cause to twenty per cent commission and this act entirely remits, releases and extinguishes the state's claim and right in and to said twenty per cent commission; and insofar as the state's right is concerned, the act in question abrogates completely section 100 of the Constitution.

Again this act is invalid as violative of section 89 of the Constitution of Mississippi. This act was never referred to the Local and Private Committee of the House and so, under the provisions of section 89, it is unenforcible.

*S. V. Anderson* and *Percy & Percy*, for the appellees.

The court in considering the Abatement Act will consider the litigation which the act seeks to abate, and, therefore, will consider not only the pleadings but all the evidence which is a part of the record in the case. The court will see from a consideration of the record

that although this litigation is nominally against certain individuals for the benefit of Washington county, it is actually a contest between Washington county and the state revenue agent. The county wishes to collect its own debt and to keep the full sum collected. The revenue agent, over the protest of the county, over the order of the chancellor, over the Abatement Act passed by the legislature, insists on attempting to collect any sum which may be due and to pocket twenty per cent of the amount collected. In the brief for the revenue agent it is assumed that the county of Washington, if left to its own devices, will dismiss the litigation. This assumption is entirely unwarranted. If the county of Washington can collect the full sum due it without litigation, presumably it will do so; and if litigation is necessary presumably it will litigate.

Counsel admit that the revenue agent is a creature of the legislature and his powers can be changed, enlarged, diminished or cancelled at its will. But counsel say that the legislature must enact in this respect only a general law. They overlook entirely Senate Bill No. 76, which is a general law and which is the sole law from which the present revenue agent draws any power and authority as a state officer. In the very giving of that power to him the legislature limits it, saying that you shall have authority to prosecute pending suits that we think meritorious; but you have no power to prosecute pending suits which are not meritorious.

A state has full power to define the scope of authority of its agents. By the two bills referred to, the state, through the legislature, has given a certain power to its revenue agent, which power does not include the prosecution of the suit in Washington county. The legislature does not attempt to cancel the obligation, if any, of the defendants in this litigation. Their obligation is now what it was when the revenue agent brought his suit and what it was before the revenue agent's suit.

The revenue agent questions the constitutionality of the Abatement Act because he fears the loss of twenty per cent of the proceeds which may be collected by Washington county.

Let us remind the court that this twenty per cent has not accrued to any one so far, as the merits of the claim have never been considered and no judgment has been rendered, and, of course, the twenty per cent referred to in the statute is not twenty per cent of any judgment but of any recovery.

The revenue agent in attacking the validity of the Abatement Act does not speak as the agent for the state, for the state by its every spokesman, except the revenue agent, has expressed its wish that the revenue agent have no control or authority in this litigation. What right then has the revenue agent to question the constitutionality of the Abatement Act? He has no vested interest in the twenty per cent. This hardly needs argument; but see *State of Oklahoma* v. *McCafferty,* L. R. A. 1915-A 639 at 651 and extensive note thereunder; *Commonwealth* v. *Ewald Iron Co.,* 154 S. W. 931, at 935; *State of Missouri* v. *Walker,* 31 L. Ed. 769, at 772; *Johnson* v. *Reeves,* 112 Miss. 227, at 231; 12 C. J., Constitutional Law, p. 765; *State* v. *Wheatley,* 113 Miss. 555.

Counsel for the revenue agent specifically attack the constitutionality of the Abatement Act as being in conflict with three sections of the Constitution; to-wit, secs. 87, 89, and 100.

If the Abatement Act in question (1) is not a special law; (2) if it is not for the benefit of an individual or a corporation; or (3) if it could not be provided for by a general law, the act is valid so far as this section is concerned. This is surely a special law in the sense that it refers to a special matter, occurring in a special locality. But that does not mean that it is a special law in the sense in which the phrase is used in the Constitution. *Fairfield* v. *Huntington,* 22 A. L. R. 1438 and note, 205

Pac. 814; *Henry* v. *Carter,* 88 Miss. 21; *State* v. *Carter,* 215 Pac. 477.  Whether a curative act, dealing with one individual, is special or general legislation is discussed *in extenso* in *McSurely* v. *McGrew,* 140 Iowa, 163, 118 N. W. 415, 132 A. S. R. 248.

Except for Senate Bill No. 76 the revenue agent would not be an employee of the state at all and could exercise no powers whatever.  By that act, a general act, the legislature. defines what powers it wishes to confer on him, allowing him to do certain things and not allowing him to do other things, in the latter class being the prosecution of those suits which the legislature itself sees fit to abate.

But if this is a special law, it is not violative of section 87 unless it is for the benefit of an individual or a corporation.  If the act is for the benefit of J. D. Hay, et al., it is of course for the benefit of an individual.  But it is not for the benefit of the nominal defendants in this litigation for two reasons: (1) They are merely nominal defendants, the real parties at interest being Washington County and the board of supervisors; and (2) because the act does not benefit the nominal defendants; it does not cancel the claim against them—which is the last thing the act intends to do—and does not prevent anyone from suing them on the claim except the revenue agent; indeed, the very suit being abated may be revived by the board of supervisors.  The real party benefited by the Abatement Act being Washington County, we may mention in passing that the county is not a corporation within the meaning of the Constitution. *Feenster* v. *City of Tupelo,* 121 Miss. 733 at 743.

If, however, this act were held to be a special law enacted for the benefit of an individual, still it would not be violative of section 87, unless the relief sought to be given by the act could have been provided by a general law.  It is true that if the revenue agent's office had been abated, or if he had been forbidden to prosecute claims

for counties, the end desired in passing this act would have been accomplished by a general law; but no general law could have been passed to carry out the legislature's wish that cases such as this one should not be prosecuted by the revenue agent because no case like this case existed and the only way to stop the particular evils presented by this case was by this particular Abatement Act. See 12 C. J., pp. 886-887; *Herschbach* v. *Kaskaskia Island Sanitary, etc., Dist.*, 265 Ill. 388, 392, 106 N. E. 942.

The revenue agent is in this extraordinary position: He *is* revenue agent solely by virtue of Senate Bill No. 76. By serving as revenue agent he accepts the provisions of that bill, giving him his power; but at the same time attacks the provisions of that bill insofar as they limit his power. Will he be heard to approve such portions of the bill which he finds satisfactory to him and to condemn as unconstitutional such portions of it as seems to him unsatisfactory? *City of Jackson* v. *Miss. Fire Ins. Co.*, 132 Miss. 415 at 425.

Is a state agent in a position to attack the constitutionality of a clause limiting the scope of his agency while acting as agent solely by virtue of the bill, a part of which he is attacking? The state of Mississippi through its every branch has said that it did not wish him to act in this way and he is the only representative of the state who insists that he be allowed to act in this way.

Counsel next attack the Abatement Act as being in conflict with section 100 of the Constitution. But counsel cannot shift from the ground first taken by him that the twenty per cent is his and now say that the twenty per cent is the state's, to bolster up his argument that the bill remits an obligation due to the state. In justice, the litigation must be considered from the point of view of section 100 as the prosecution of a claim for the benefit of Washington County and not for the benefit of either the revenue agent or the state, and that claim is not remitted or postponed by the Abatement Act.

Counsel entirely overlook the principles laid down by Chief Justice Campbell in *Hunt* v. *Wright,* 70 Miss. 298. He held that whether or not the legislature had carried out· its duties in regard to those constitutional provisions was a matter of its own conscience and would not be looked into by the court.

Judge Smith put the same conclusion in *Turner* v. *City of Hattiesburg,* 53 So. 681, in considering whether chapter 120, Acts of 1910, failed to receive the concurrence of two-thirds of each branch of the legislature. See, also, *State* v. *Fernside,* 100 So. 256, at 258.

If the court will regard this litigation as a whole, going into the core of it and observing the actual issues, and, if further they will regard this particular Abatement Act in connection with the general act defining the powers of the state revenue agent, we submit that they will find no constitutional objection to carrying out the expressed will of the board of supervisors, of the chancery court, of Washington County, of the legislature and of the governor of the state of Mississippi.

*J. H. Sumrall,* in reply for appellant, revenue agent.

Counsel for appellees call this court's attention to Senate Bill No. 76, passed by the recent legislature and approved on March 12, 1926. This statute is invoked in aid of Senate Bill No. 343, passed at the same session of the legislature, and is also invoked for the purpose of supplying such prohibition against the revenue agent proceeding in this cause which Senate Bill No. 343, attacked as unconstitutional, might lack in carrying out the object of said Abatement Act. The court's attention is called to the provisions of Senate Bill No. 76, and the fact is emphasized that neither in the caption of said act nor anywhere in·the body of the act itself, except in section 8, is anything said which indicates a repeal of any statute heretofore existing in the statute

laws of Mississippi with reference to the powers and duties of the revenue agent.

In view of the fact that the revenue agent's office is not disturbed, in the main, until the expiration of the present term, and in view of the further fact that there is no express nor implied repeal of the statutes under which the revenue agent operated prior to the passage of said Senate Bill No. 76, then the contention of the revenue agent is to the effect that the statutes, as contained in Hemingway's Code, constitute the law governing the conduct of the revenue agent's office for the balance of the present term.

After a careful study of the provisions of said Senate Bill No. 76, it is manifest that there is nothing in said act which in any way interferes with the right of the present revenue agent to prosecute the suit under consideration, unless the special act enacted for the purpose of abating this particular suit is sufficient within itself to prevent a further prosecution of said suit by the revenue agent.

It, therefore, becomes necessary only, according to my conception of the *status* of the matter, to consider Senate Bill No. 343 alone, and it is only necessary to read said act in its entirety, and especially in view of the title to the act itself, to recognize the fact that said Senate Bill No. 343 is a local and private act designed for the express purpose of abating a single suit, referred to in the title by the name of both the complainant and the defendant.

If section 87 of the Constitution of Mississippi means anything, it certainly was adopted for the express purpose of preventing exactly what is attempted to be done by the passage of said special act.    See *Feemster* v. *City of Tupelo,* 121 Miss. 733, at 743.

Counsel for appellees positively state that the bill is not for the benefit of an individual and also state with equal positiveness that the bill is for the benefit of Washington County. How counsel can reach any such erroneous conclusion, under the plain and positive facts

indicated by the whole record is beyond my powers of comprehension. In the first place, the style of the cause in the original pleading filed by the revenue agent makes J. C. Hay, an individual, the principal defendant. The bill of complaint alleges that the suit is for the benefit of Washington County. The allegations of the bill of complaint are to the effect that certain illegal acts were performed by members of the board of supervisors of Washington County which acts inured to the benefit of J. C. Hay, and were not only illegal but detrimental to the interests of the taxpayers of the county, or at least to certain specific funds in which the taxpayers of the county, as such, were interested. The title of the act states that it is "An act abating the suit of W. J. Miller, state revenue agent, for the use and benefit of Washington County, Mississippi, against J. C. Hay, et al.;" and in the body of the act the specific suit referred to in the title is further specifically identified by the additional reference to the court in which said suit is pending.

The right of the revenue agent, therefore, to question the constitutionality of the Abatement Act under consideration would necessarily follow as part of his duty under his oath of office to so present to this court the question involved, not only for the purpose of determining his duty in the present instance, but as a precedent for his guidance in the future in similar matters where his duties are sought to be interfered with by acts which, in his opinion, are unconstitutional.

Counsel for appellees state that the twenty per cent commission which would be due in the event of collection by the revenue agent "has not accrued to anyone so far, as the merits of the claim have never been considered, and no judgment has been rendered." But counsel overlook the fact that the court has definitely and positively decided that the revenue agent is entitled to his commission, even though the payment may be made to some other officer, after compulsory action has

been begun by the revenue agent; that at no stage other than another does the commission accrue.

If the constitutional requirement that there shall be three distinct branches to our government, each of equal magistracy, means anything, then this case surely presents to this court the opportunity to preserve its own integrity, by repelling the attempted invasion of its province by the legislative branch of the government. This case has been properly submitted to the lower court on its merits, and upon proper pleadings. The real issue presented by the pleadings involves general laws of the state, which are still on the statute books. To permit the legislature to deprive the courts of their jurisdiction in such a manner would result in ratification of a plain usurpation of the exclusive province of the courts, given them by the Constitution, if another branch of the government were allowed to ignore thus the plain provisions of our Constitution and a precedent would be established, the evil effect of which is incalculable.

SMITH, C. J., delivered the opinion of the court.

This suit was instituted by the state revenue agent to recover from the appellees a debt alleged to be due by them to the county of Washington. The board of supervisors of Washington County intervened by petition, alleging, in substance, that the suit was begun by the revenue agent after the appellees had arranged to borrow money with which to pay the debt due by them to the county; that the further prosecution of the suit by the revenue agent was inimical to the best interests of the county; and prayed "that this litigation be taken out of his hands and the control thereof be placed in the hands of the board of supervisors." This motion was sustained by the court below after hearing evidence in support thereof. An appeal was granted the complainant by a judge of this court after it had been denied by the court below. At the last term of this court a motion was made by the board of supervisors to dismiss the appeal on the ground that the order appealed from is interlocutory,

and will not lie under section 17, chapter 151, Laws of 1924, which provides that an appeal from an interlocutory order or decree may be granted "in order to settle all the controlling principles involved in the cause, or in exceptional cases to avoid expense and delay." This motion was overruled, and the opinion then rendered will be found reported in 106 So. 818, page 467 supra.

After that motion was overruled, the legislature, which was then in session, enacted a statute (Laws 1926, chapter 290), which provides:

"Be it enacted by the legislature of the state of Mississippi, that the suit pending on the docket of the chancery court of Washington County, Mississippi, styled W. J. Miller, state revenue agent for the use and benefit of Washington County, Mississippi, against J. C. Hay and others, be and the same is hereby abated; but such suit may be revived by the board of supervisors of Washington County, Mississippi, in which event all contracts made by the state revenue agent in regard to such litigation shall be complied with and carried out by the said board of supervisors."

After the enactment of this statute, the board of supervisors filed another motion, which now comes on to be heard, praying—"that this appeal and all proceedings in this cause be dismissed for the reason that this suit has been abated by act of the legislature, being Senate Bill No. 343, a copy of which is attached hereto and made a part hereof."

We will assume for the sake of the argument that if this statute is valid, the appeal should be dismissed, and the cause remanded to the court below for action by it in accordance with the statute. The validity of the statute is challenged by the appellant on the ground that the legislature was without power under the Constitution to enact it. Among the sections of the Constitution which this contention brings under review are sections 1, 2, 33, and 144, which provide:

"Section 1. The powers of the government of the state of Mississippi shall be divided into three distinct departments, and each of them confided to a separate magistracy to-wit, those which are legislative to one, those which are judicial to another, and those which are executive to another.

"Section 2. No person or collection of persons, being one or belonging to one of these departments, shall exercise any power properly belonging to either of the others," etc.

"Section 33. The legislative power of this state shall be vested in the legislature, which shall consist of a senate and a house of representatives."

"Section 144. The judicial power of the state shall be vested in a supreme court and such other courts as are provided for in this Constitution."

The separation of the legislative, executive, and judicial powers of the state and their allotment to separate and distinct departments is so fundamental under our system of government that it cannot be violated even by an ordinance of a constitutional convention. *Lawson* v. *Jeffries,* 47 Miss. 686, 12 Am. Rep. 342. *A fortiori* it cannot be violated by one of the departments to which one of the powers has been committed.

The power vested in the legislature by these sections of the Constitution, and the only power which it can exercise, is the legislative power, so that the question for decision is simply this, Is the power which the legislature sought to exercise by the enactment of the statute here in question legislative? Whether or not a suit in equity or an action at law shall abate, that is, whether all proceedings therein shall be suspended, unless and until the cause for the suspension be removed, as well as whether a suit or action that has been abated shall be revived, are judicial questions to be determined by the court in which the suit or action is pending, and are so universally held to be such that it would be supererogatory to cite author-

ity therefor.   The declaration in this statute that the suit therein referred to ''be and the same is hereby abated,'' and the permission therein given the board of supervisors to revive it, are an attempt on the part of the legislature to interfere in a pending judicial controversy by the exercise of a power which the Constitution vests solely in the courts, and are therefore void.  *Lawson* v. *Jeffries, supra; Isom* v. *Miss. Cent. R. R. Co.,* 36 Miss. 300; 6 R. C. L. 162; 12 C. J. 833.

But it is said, in effect, by counsel for the board of supervisors that the object which the legislature sought to accomplish by the enactment of this statute was simply to withdraw from the revenue agent the power to further prosecute the suit therein referred to, and this the legislature under its power to define the duties of public officers had the right to do.   This contention again brings under review sections 1, 2, and 33 of the Constitution, and also section 87 thereof, but we are not here called on to respond to it.   If it be conceded that the legislature has the power to withdraw from the revenue agent the right to prosecute a particular suit, in which connection see *Miller, Revenue Agent* v. *Globe-Rutgers Fire Insurance Co.* 143 Miss. 489, 108 So. 180, it has not the right to accomplish that object by exercising a power which the Constitution vests solely in another department of the government, and the means by which to further prosecute a particular suit are here sought to be withdrawn from the revenue agent, under this construction of the statute, to-wit, the abatement of the suit and its revival in the name of another and are committed by the Constitution to the judicial, and not to the legislative, department of the government.   Granted that an object sought to be accomplished by one of the departments of the government is within the power allotted to it, the means by which it seeks to accomplish that object must also be within the power allotted to it.   In other words, a constitutional object must be accomplished by constitutional means.

The motion will be overruled.

*Overruled.*