(Division B. Nov. 3, 1930.)

[130 So. 473. No. 28711.]

**Green, Green & Potter**, of Jackson, for appellant.

**Wm. A. Shipman,** Assistant Attorney-General, for appellee.

Argued orally by **Garner Green**, for appellant, and by **W. A. Shipman**, Assistant Attorney-General, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellants filed their bill in the chancery court of Hinds county against appellee, to have reviewed the action of appellee in adjusting and collecting from appellants, the heirs at law of W. I. McDonald, deceased, the inheritance tax on the transfer of the estate of said decedent, and to recover back from appellee the inheritance tax so paid by appellants. There was a hearing on bill, answer, the record made before the tax commission on the subject, and proofs, resulting in a decree denying appellant any relief. From that decree appellant prosecuted this appeal.

W. I. McDonald died March 8, 1928, intestate, leaving appellants as his sole heirs. He left a gross estate of two hundred forty-two thousand eight hundred twenty-nine dollars and thirty cents, and a net estate of one hundred eighty-one thousand eight hundred eighty-three dollars and forty-nine cents. On the 4th day of September, 1928, there was paid by appellants to appellee an inheritance tax on the estate, of six thousand five hundred ninety-four dollars and seventeen cents; the payment being made by appellants under protest.

Appellants contend that, as the inheritance tax statute of 1924 (chapter 134, Laws of 1924), as amended by chapter 191, Laws of 1928, materially reduced the inheritance tax, and there being no saving clause in the act of 1928 preserving the rights of the state under the previous statute, the latter was thereby repealed, and therefore the McDonald estate was liable for no inheritance tax whatever; and, if mistaken in that view, the repeal of the former statute reduced the inheritance tax to the amount provided by the act of 1928.

Section 7, chapter 134, of the Laws of 1924, provides that the tax value of the net estate "shall be determined

—(a). In the case of a resident by deduction from the value of the gross estate, an exemption of ten thousand dollars.''

Chapter 158 of the Laws of 1926, amended section 7 of chapter 134, Laws of 1924, as follows: ''That for the purposes of the tax the value of the net estate shall be determined—(a) In the case of a resident, by deduction from the value of the gross estate the sum of five thousand dollars ($5,000) for the widow and a like sum for each child of the decedent, provided, however, in all cases a minimum exemption of twenty-five thousand dollars ($25,000) shall be allowed whether there be a widow or children or not.''.

Section 2 of chapter 191 of the Laws of 1928 amended section 1, chapter 158, of the Laws of 1926, so as to read as follows: ''That for the purposes of the tax the value of the net estate shall be determined (a) In the case of a resident, by deduction from the value of the gross estate the sum of one hundred thousand dollars.''

The Act of 1928 went into effect on the 23d day of April of that year. As above stated, W. I. McDonald died on March 8, 1928.

As we view it, every question involved in this cause was considered and necessarily decided by the court in Hodges v. Inman, Chairman State Tax Commission, 149 Miss. 785, 115 So. 893, 896. We do not think we could do better than adopt that part of the opinion in the Hodges case which we deem forecloses the questions now under consideration in this case against the contention of appellants:

''The appellants next contend that in determining the value of the net estate a specific exemption of twenty-five thousand dollars, instead of ten thousand dollars, should have been allowed. The Act of 1924, chapter 134, provided that for the purpose of the tax the value of the net estate shall be determined by deducting from the gross estate a specific exemption of ten thousand dollars, but by chapter 158, Laws of 1926, this exemption was in-

creased to a minimum amount of twenty-five thousand dollars. The record in this case shows that the decedent, J. A. Bowers, died on December 21, 1925, which was about two months before the enactment of chapter 158, Laws of 1926, which increased the specific exemption allowed to be deducted. The appellants contend, however, that, since the estate tax due had not been finally assessed and paid, but was in process of adjustment at the time of the enactment of the said chapter 158, the increased exemption should be allowed. We do not think there is any merit in this contention. An inheritance or estate tax accrues and becomes fixed as of the date of the death of the decedent, and the value of the property is to be determined for inheritance tax purposes as of that date. By the express provision of section 21 of chapter 134, Laws of 1924, this tax is made a lien upon the gross estate of the decedent, except such part thereof as may be allowed by the court for the payment of charges against the estate and the expenses of administration, from the time of the death of the decedent, and the rights and obligations of all parties in regard to the payment of such a tax are to be determined as of the date of the death of the decedent. In re Stanford, 126 Cal. 112, 54 P. 259, 58 P. 462, 45 L. R. A. 788; Old Colony Trust Co., Executor, v. Burrell, 238 Mass. 544, 131 N. E. 321, 16 A. L. R. 689; Estate of Ferguson v. Thatcher, Tax Commissioner, 113 Wash. 598, 194 P. 771, 13 A. L. R. 122, and case note; 37 Cyc., p. 1574; 26 R. C. L., secs. 204 and 175.''

It is true, in that case the court, in its opinion, did not discuss specifically the effect of an amendatory tax statute without a saving clause as to existing rights of the state under the statute amended; nevertheless the question was squarely presented and decided. Under the statute, the tax is a fixed charge and lien on the estate from the time of the death of the decedent. It is not a mere naked claim or liability in favor of the state; there is vested in the state by the statute an obligation of the

estate and a lien thereon to secure the obligation. Section 100 of the Constitution provides as follows:

"No obligation or liability of any person, association, or corporation held or owned by this state, or levee board, or any county, city, or town thereof, shall ever be remitted, released or postponed, or in any way diminished by the legislature, nor shall such liability or obligation be extinguished except by payment thereof into the proper treasury; nor shall such liability or obligation be exchanged or transferred except upon payment of its face value; but this shall not be construed to prevent the legislature from providing by general law for the compromise of doubtful claims."

Under that section of the constitution, the legislature is without power to release such an obligation as the one here involved. Morris Co. v. Adams, 75 Miss. 410, 22 So. 944; Jackson Elec. Ry. Light & Power Co. v. Adams, 79 Miss. 408, 30 So. 694; In re Martin's Estate, 153 Cal. 225, 94 P. 1053. The Constitution of California contains a like provision to section 100 of our Constitution. The language used by the court in State v. Fragiacomo, 71 Miss. 417, 15 So. 798, Crow v. Cartledge, 99 Miss. 281, 54 So. 947, Ann. Cas. 1913E, 470, and Bradstreet Co. v. City of Jackson, 81 Miss. 233, 32 So. 999, must be confined to the questions there decided, although there is language in each of them broad enough to exclude from the operation of section 100 of the Constitution any but contract obligations. There was involved in each of those cases a privilege tax which constituted a mere personal liability of the taxpayer; there was no lien provided by statute for the security of the payment of the privilege tax. Here we have, as stated, a tax which is a fixed charge and lien against the estate of the decedent from the time of his death.

In Johnson, State Revenue Agent, v. Reeves & Co., 112 Miss. 227, 72 So. 925, the court had under consideration a statute abating all suits brought by the revenue agent for taxes on agricultural products. The court held that

the statute did not violate section 100 of the Constitution, since it did not remit, release, postpone, or diminish a fixed liability or obligation of the taxpayer; nor did it undertake to declare that those who owed past-due taxes on agricultural products should be free from such liability.

Miller, State Revenue Agent, v. Globe-Rutgers Fire Insurance Company, 143 Miss. 489, 108 So. 180, was a suit by the revenue agent for penalties due the state because of an alleged violation of the anti-trust law. The statute deprived the revenue agent of the power to bring such actions in the future, and abated all such suits pending when the statute went into effect. The court held that a statute did not violate section 100 of the Constitution, and cited Johnson v. Reeves & Co., supra, in support of its holding.

Chapter 191 of the Laws of 1928 was not a repeal, in the true sense, of chapter 158 of the Laws of 1926, nor was the latter statute a repeal of chapter 134 of the Laws of 1924. Chapter 158 of the Laws of 1926 amended only section 7 of chapter 134 of the Laws of 1924; and chapter 191 of the Laws of 1928 amended only section 1 of chapter 158 of the Laws of 1926. The general scheme of inheritance taxation embodied in chapter 134 of the Laws of 1924 was preserved and brought forward in each of the amendatory acts. Inheritance taxes which have accrued, and are due, under an existing statute, are not remitted or released by a subsequent statute which only amounts to an amendment and revision of the prior statute. 37 Cyc. 1558, notes 86, 87, 88.

As before stated, this identical question was involved in Hodges v. Inman, although it was not discussed by the court. Nevertheless, if section 100 of the Constitution had not applied in that case, the decision of the court should have been the converse of what it was; for chapter 158 of the Laws of 1926 contained no clause saving the rights of the state under chapter 134, Laws of 1924.

Affirmed.

**Ethridge, P. J.** (concurring).

I concur in the conclusion reached in this case, but do not desire to express any opinion as to the effect of section 100 of the Constitution beyond that involved in this case.