CITY OF GREENWOOD v. TELFAIR, et al.

In Banc. Sept. 26, 1949.

No. 37173 (42 So. (2d) 120)

Aubrey H. Bell, for appellant.

202

**Pollard & Hamner,** amici curiae, for appellant.

**Kimbrough, Kimbrough & McLean,** for appellees.

204

Montgomery, J.

The City of Greenwood is a municipal corporation operating under the Code Chapter on Municipalities and acts under the commission form of government as provided therein.

From time to time various street improvement programs have been adopted and various streets of the city have been paved. In each instance the City has followed the proportion of two-thirds of the cost to be borne by adjacent property owners, and the other one-third to be borne by the municipality.

In 1946 certain streets remained unpaved and the City determined to pave these streets as listed in the ordinances, and, for some reason not apparent in this record, distributed the cost of the improvement in the proportion of one-half to the adjacent landowners on either side of the street, and the City to bear the cost only of the street intersection. The proceedings for the performing of this work, and the issuing of bonds to provide funds for payment of the cost of construction are regular and according to law, in every detail, and no question is raised in this proceeding regarding their validity. The City issued special improvement bonds in the amount of $119,000 and these bonds were validated by a decree of the Chancery Court and can no longer be

brought in question in any court of this state, and no question is raised regarding their validity. in this proceeding.

Realizing the disproportion between the cost assessed against the adjacent landowners in the last paving project, the City, or someone else, not shown by this record, procured the Legislature to pass a local and private law, House Bill #102, Laws of 1948, appearing as Chapter 738, Laws of 1948, for the purpose of attempting to relieve this discrimination against the property-owners in the last paving project.

The City undertook to exercise the authority granted to it in House Bill #102 and the appellee herein brought suit in the Chancery Court of Leflore County to enjoin the City of Greenwood from exercising any authority granted in House Bill #102 for the reason that said Act is unconstitutional in that it violates Sections 87 and 90(h) and 100 of the Constitution of 1890.

Section 3 of Chapter 738 of the Laws of 1948 provides as follows: ''This act shall not be construed to affect the lien of the Special Street Improvement Bonds, dated October 1, 1946, issued by the City of Greenwood, to pay the entire cost of making the said improvements on the streets named in the ordinance above referred to and in the event any default be made in the payment of the principal or interest thereon, this act shall not be offered as evidence of any defense to said bonds or for the failure of the City of Greenwood to make sufficient assessment against the property abutting streets so improved and the said City of Greenwood is given authority to pay from its general funds into the special street improvement bond fund such amount as may be necessary to pay the principal and interest on the said bonds when and as the same mature and become due, an amount equal to the principal sum of the assessments authorized to be cancelled herein so that sufficient funds will be available for the payment of the said bonds and interest thereon, when the same respectively mature and become due.''

It is first contended that Chapter 738, Laws of 1948, violates Section 90, Paragraph (h) of the Constitution of 1890, which reads as follows: ''The legislature shall not pass local, private, or special laws in any of the following enumerated cases, but such matters shall be provided for only by general laws, viz.: . . . (h) Exemption of property from taxation or from levy or sale''.

 It will be observed that Section 3 of Chapter 738 of the Laws of 1948 provides that the act shall not be construed to affect the lien of the Special Street Improvement Bonds, and shall not be offered as evidence of any defense to said bonds or for the failure of the City of Greenwood to make several assessments against the property abutting the streets so improved, and by its terms preserves intact the judgment lien against the abutting property for any taxes that may subsequently be levied for the necessary retirement and payment of the bonds. Since the assessment is not disturbed, but by the terms of the act machinery is instituted only to enable the City to bear one-third of the cost, we are of the opinion that no question of exemption of property from taxation or from levy or sale is involved here, and that Section 90(h) of the Constitution has no application.

 It is further contended that Chapter 738 of the Laws of 1948 violates Section 87 of the Constitution of 1890, reading as follows: ''No special or local law shall be enacted for the benefit of individuals or corporations, in cases which are or can be provided for by general law, or where the relief sought can be given by any court of this state; nor shall the operation of any general law be suspended by the legislature for the benefit of any individual or private corporation or association, and in all cases where a general law can be made applicable, and would be advantageous, no special law shall be enacted.''

This section has no application to Chapter 738 of the Laws of 1948, which is a local and private law applying

to a municipal corporation. We held in Feemster v. City of Tupelo, 121 Miss. 733, 83 So. 804, that Section 87 of the Constitution has no application to municipal corporations, but applies only to individuals and private corporations.

 ██ It is further contended that Chapter 738 of the Laws of 1948 violates Section 100 of the Constitution of 1890, which reads as follows: "No obligation or liability of any person, association, or corporation held or owned by this state, or levee board, or any county, city, or town thereof, shall ever be remitted, released or postponed, or in any way diminished by the legislature, nor shall such liability or obligation be extinguished except by payment thereof into the proper treasury; nor shall such liability or obligation be exchanged or transferred except upon payment of its face value; but this shall not be construed to prevent the legislature from providing by general law for the compromise of doubtful claims."

When the City levied the special assessment against the property abutting the streets to be paved under the program this assessment became final and is a judgment against the property to the extent of the sum assessed against it, and it is liable to the City for the payment of annual taxes sufficient to retire such judgment against said property.

Accordingly if any plan is adopted that would release any portion of this judgment, or any liability for the payment of the same, the obligation to the City would be to that extent remitted or released. The Constitution provides that such liability or obligation shall not be extinguished except by payment thereof into the proper treasury. This language of our Constitution could not be satisfied by a payment made by the City in extinguishment pro tanto of the taxes to be collected under the judgment against the property for the payment of the bonds.

In Morris Ice Co. v. Adams, Revenue Agent, 75 Miss. 410, 22 So. 944, and in McDonald et al. v. State Tax Commission, 158 Miss. 331, 130 So. 473, this Court held that Section 100 of the Constitution of 1890 applies to tax liability. We can see no escape from its provisions in the case before us. It is clear that Chapter 738 of the Laws of 1948 is in clear violation of the provisions of Section 100 of the Constitution of 1890.

Our sympathies are with the abutting property-owners, and if our personal preferences were to be followed it would be our pleasure to see the correction of this discrimination by the City of Greenwood. However, our oath as Judges requires us to uphold the Constitution of the State, and we proceed to perform our duty without hesitation.

The decree of the lower court is affirmed.

Affirmed.