## FISK *v.* JEFFERSON POLICE JURY.

### LOUISIANA *ex rel.* FISK *v.* Same.

ERROR TO THE SUPREME COURT OF THE STATE OF LOUISIANA.

Submitted November 18, 1885.—Decided December 21, 1885.

Where a law attaches a fixed compensation to a public office during the whole term of service of a person legally filling the office and performing the duties thereof, a perfect implied obligation arises to pay for the services at the

fixed rate, to be enforced by the remedies which the laws then give ; and a change in the State Constitution which takes away then existing powers of taxation so as to deprive the officer of the means of collecting his compensation is within the prohibitory clause in the Constitution forbidding the passage of State laws impairing the obligation of contracts.

The prohibition of the Constitution against State laws impairing the obligation of contracts applies to implied as well as to express contracts.

The facts which make the case are stated in the opinion of the court.

*Mr. Charles Louque* and *Mr. B. F. Jonas* for plaintiffs in error.

No appearance for defendants in error.

Mr. Justice Miller delivered the opinion of the court.

These cases are brought before this court by writs of error to the Supreme Court of Louisiana.

As they involve precisely the same questions between the same parties they may be decided together.

Josiah Fisk, who was an attorney-at-law, brought three suits in the proper court of the Parish of Jefferson to recover for salary and fees due him from the parish as district attorney, and he obtained judgments in each case against the Police Jury, which is the governing body of the parish.

Being unable to obtain the payment of these judgments in any other mode, he first made application for a writ of mandamus to compel the assessment and collection of a tax for the payment of two of these judgments, and afterwards for another writ in regard to the third judgment; the two judgments being for his salary and fees under one appointment, and the other under a second appointment.

The inferior court granted the writ in one case and denied it in the other. But, on appeal to the Supreme Court of the State, the writs were denied in both cases.

The ground of the jurisdiction of this court to review these judgments is the assertion by plaintiff in error that they were founded on a law of the State which impaired the obligation of his contract, to wit, the contract on which he procured the judgments already mentioned.

The services for which the judgments were recovered were rendered in the years 1871, 1872, 1873, and 1874. During this period there was in force the act of the legislature of 1871, of which § 7 is as follows:

"That no city or other municipal corporation shall levy a tax for any purpose which shall exceed two per centum on the assessed cash value of all the property therein listed for taxation, nor shall the police jury of any parish levy a tax for any parish purposes during any year which shall exceed one hundred per centum of the State tax for that year, unless such excess shall be first sanctioned by a vote of the majority of the voters." Acts of 1871, p. 109.

But by the Constitution of the State of 1880 it was declared that no parish or municipal tax, for all purposes whatsoever, shall exceed ten mills on the dollar of valuation. The Police Jury showed that they had exhausted their power when the application for mandamus was made, by levying the full amount of taxes permissible under this constitutional provision, and the Supreme Court held they could not be compelled to levy more.

In answer to the argument that, as applied to plaintiff's case, the constitutional provision impaired the obligation of his contract, the Supreme Court decided that his employment as attorney for the parish did not constitute a contract, either in reference to his regular salary, or to his compensation by fees. And this question is the only one discussed in the opinion, and on that ground the decision rested.

It seems to us that the Supreme Court confounded two very different things in their discussion of this question.

We do not assert the proposition that a person elected to an office for a definite term has any such contract with the government or with the appointing body as to prevent the legislature or other proper authority from abolishing the office or diminishing its duration or removing him from office. So, though when appointed the law has provided a fixed compensation for his services, there is no contract which forbids the legislature or other proper authority to change the rate of compensation for salary or services after the change is made,

though this may include a part of the term of the office then unexpired. *Butler* v. *Pennsylvania*, 10 How. 402.

But, after the services have been rendered, under a law, resolution, or ordinance which fixes the rate of compensation, there arises an implied contract to pay for those services at that rate. This contract is a completed contract. Its obligation is perfect, and rests on the remedies which the law then gives for its enforcement. The vice of the argument of the Supreme Court of Louisiana is in limiting the protecting power of the constitutional provision against impairing the obligation of contracts to express contracts, to specific agreements, and in rejecting that much larger class in which one party having delivered property, paid money, rendered service, or suffered loss at the request of or for the use of another, the law completes the contract by implying an obligation on the part of the latter to make compensation. This obligation can no more be impaired by a law of the State than that arising on a promissory note.

The case of Fisk was of this character. His appointment as district attorney was lawful and was a request made to him by the proper authority to render the services demanded of that office. He did render these services for the parish, and the obligation of the police jury to pay for them was complete. Not only were the services requested and rendered, and the obligation to pay for them perfect, but the measure of compensation was also fixed by the previous order of the police jury. There was here wanting no element of a contract. The judgment in the court for the recovery of this compensation concluded all these questions. *Hall* v. *Wisconsin*, 103 U. S. 5, 10; *Newton* v. *Commissioners*, 100 U. S. 548, 559.

The provision of the Constitution restricting the limit of taxation, so far as it was in conflict with the act of 1871, and as applied to the contract of plaintiff, impaired its obligation by destroying the remedy *pro tanto*.

It is apparent that, if the officers whose duty it is to assess the taxes of this parish, were to perform that duty as it is governed by the law of 1871, the plaintiff would get his money. If not by a first year's levy, then by the next. But the constitu-

tional provision has repealed that law, and stands in the way of enforcing the obligation of plaintiff's contract as that obligation stood at the time the contract was made.

It is well settled that a provision in a State Constitution may be a law impairing the obligation of a contract as well as one found in an ordinary statute. We are of opinion, therefore, that, as it regards plaintiff's case, this restrictive provision of the Constitution of 1880 does impair the obligation of a contract. *Van Hoffman* v. *Quincy,* 4 Wall. 535; *Nelson* v. *St. Martin's Parish,* 111 U. S. 716.

*The judgments of the Supreme Court of Louisiana are reversed, and the cases are remanded to that court for further proceedings not inconsistent with this opinion.*