UNITED STATES FIDELITY & GUARANTY CO. *v.* GULLY, STATE TAX COLLECTOR.

(Division B. Nov. 13, 1933.)

[150 So. 828. No. 30812.]

**J. A. Covington, Jr.,** of Meridian, for appellant.

Marshall **W**. **Amis**, of Meridian, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellee filed the bill in this case against appellant and Lee Smith, W. C. Milling, G. S. Monroe, and Clarence

Chapman, members of the board of supervisors of Newton county for the term beginning the first Monday of January, 1928, and ending the first Monday of January, 1932 (appellant being the surety on their several official bonds) to recover certain moneys for the county, alleged to be due by reason of unlawful allowances made by the board of supervisors during their term of office by way of overpayment of salaries of the county tax assessor, the county superintendent of education, and the various members of the board of supervisors, which payments were made pursuant to such unlawful allowances by the board. The defendants denied the material allegations of the bill, and the cause was heard on bill, answer, and proofs, resulting in a decree for appellee in the sum of seven hundred seventy-eight dollars and eighty-one cents, and the statutory commission thereon of one hundred fifty-five dollars and seventy-six cents, making a total of nine hundred thirty-four dollars and fifty-seven cents. From that decree appellant, the surety, alone appeals, and assigns as error that part of the decree adjudging that the members of the board illegally allowed themselves twelve dollars each for their services for the year 1930, aggregating sixty dollars, plus the statutory commission of twenty per cent. thereon.

Chapter 89 of the Laws of 1928, classified the counties of the state for the purpose of fixing salaries and compensation of county officers, upon the basis of the total assessed valuation of all real, personal, and public service corporation property. Under this classification Newton county was in class No. 5. By section 3 of that statute the compensation of members of the boards of supervisors was fixed as follows:

"The salary of the members of the boards of supervisors in class one and class two shall be and is hereby fixed for each member at seven dollars for each day while in session, or while inspecting roads and bridges, or per-

744

forming any other service required by law of them, and
the salary of the boards of supervisors of the various
other classes of the counties in the state is hereby fixed
for each member at six dollars per day for each day
while in session, or while inspecting roads and bridges,
or performing any other service required by law of them,
provided the salaries shall not exceed the following
amounts per annum, and provided further that no mile-
age or other expenses shall be allowed:

Class No. 1 ............................... $2,750.00
Class No. 2 ............................... 2,000.00
Class No. 3 ............................... 1,800.00
Class No. 4 ............................... 1,600.00
Class No. 5 ............................... 1,250.00
Class No. 6 ............................... 1,000.00

"Provided further, that in counties in the first class
and second class, the board of supervisors shall be paid
an additional compensation of ($400.00) four hundred
dollars to be paid each member in quarterly payments
of ($100.00), one hundred dollars each at the March,
June, September and December meetings.

"Provided further, that in all counties of the third
class the members of the boards of supervisors shall be
paid an additional compensation of two hundred dollars
($200.00) to be paid each member in quarterly payments
of fifty dollars ($50.00) each at the March, June, Septem-
ber and December meetings.

"Provided that in all counties having two judicial dis-
tricts and an assessed valuation of forty million dollars
or above, the members of the board of supervisors shall
be paid an additional compensation of one thousand dol-
lars to be paid in quarterly payments of two hundred
fifty dollars each at the March, June, September, and
December meetings."

Section 6498, Code of 1930, classified counties for the
purpose of fixing salaries of county officers upon the same

basis. Under this statute Newton county fell into class No. 6.

Section 6504, Code of 1930, provides as follows:

"The salary of the members of the boards of supervisors in class one and class two is hereby fixed for each member at seven dollars for each day while in session, or while inspecting roads and bridges, or performing any other service required by law of them, and the salary of the boards of supervisors of the various other classes of the counties in the state is hereby fixed for each member at six dollars per day for each day while in session, or while inspecting roads and bridges, or performing any other service required by law of them, provided the salaries shall not exceed the following amounts per annum, and provided further that no mileage or other expenses shall be allowed:

Class 1 ................................. $2,750.00
Class 2 ................................. 2,000.00
Class 3 ................................. 1,800.00
Class 4 ................................. 1,600.00
Class 5 ................................. 1,250.00
Classes 6, 7 and 8 ........................ 1,000.00

"Provided, nevertheless that in counties in the first class and second class, the board of supervisors shall be paid an additional compensation of four hundred dollars to be paid each member in quarterly payments of one hundred dollars each at the March, June, September and December meetings.

"Provided further, that in all counties of the third class the members of the boards of supervisors shall be paid an additional compensation of two hundred dollars ($200.00) to be paid each member in quarterly payments of fifty dollars ($50.00) each at the March, June, September and December meetings.

"Provided, that in all counties having two judicial districts and an assessed valuation of forty million dollars

or above, the members of the board of supervisors shall be paid an additional compensation of one thousand dollars to be paid in quarterly payments of two hundred fifty dollars each at the March, June, September, and December meetings.

"Provided further, that in all counties of class one operating under the chapter on Sea Walls and in all counties having an assessed valuation of not less than forty-five million dollars, the members of the board of supervisors shall receive nine dollars per day, not to exceed two thousand seven hundred fifty dollars in any one year."

It will be observed from these statutes that compensation of members of the board of supervisors of Newton county was fixed at six dollars per day for each member for each day while in session, or while inspecting roads or bridges or performing any other service required of them by law, provided the salary should not exceed one thousand two hundred fifty dollars under chapter 89, Laws of 1928, and one thousand dollars under section 6504 of the Code of 1930. Chapter 89, Laws of 1928, went into effect April 12, 1928, and was in force until November 1, 1930, when the Code of 1930, went into effect, the adoption act of which expressly repealed chapter 89, Laws of 1928. Therefore, for the first ten months of the year 1930, the maximum compensation for each member of the board was one thousand two hundred fifty dollars, and for the balance of the year one thousand dollars. During the year 1930 each member of the board was allowed the total sum of one thousand eighty-six dollars. Of this amount eight hundred eighty-two dollars was allowed to each member during the first nine months of the year and two hundred four dollars at the November meeting of that year. Of the two hundred four dollars, one hundred ninety-two dollars was for services rendered during the first ten months of the year, and

twelve dollars each was for services rendered during the month of November, 1930:

The question is, What was the maximum compensation which could be lawfully allowed to the members of the board of supervisors for the year 1930? Was it a combination of the two limits of one thousand two hundred fifty dollars and one thousand dollars, applying each pro rata; or was it the sum of one thousand two hundred fifty dollars, as the law existed on January 1, 1930; or was it the sum of one thousand dollars as the law existed on and after November 1, 1930; or was there some other rule?

The validity of every allowance made by a board of supervisors should be tested by the law existing on the day the allowance is made. If, under the law then existing, the allowance was lawful, it must stand, although a subsequent change in the law, if applied, would render the allowance illegal. On the contrary, if the law at the time the allowance was made did not authorize it, then, of course, the allowance would be illegal. After the first Monday, in January, 1930, until the first of November of that year, the board had the right to make allowances to themselves for services actually rendered at six dollars per day, not to exceed one thousand two hundred fifty dollars for the whole year, and any amounts due them for any services rendered prior to the 1st of November, not in excess of one thousand two hundred fifty dollars dollars, could be allowed after the 1st of November, even though in excess of one thousand dollars, the maximum compensation prevailing after that time. This is true because the Legislature, under the contract clause of the Federal Constitution (article 1, section 10), could not deprive them of compensation which they earned prior to the 1st of November. Although a public officer has no contract right to his office, he has as to his earned fees while holding the office, and the Legislature cannot deprive him

of such fees. State of Mississippi for Use of Stokes ex rel. Robertson v. W. J. Miller et al., 276 U. S. 174, 48 S. Ct. 266, 72 L. Ed. 517, reversing a judgment in the same case by the Supreme Court of this state (144 Miss. 614, 109 So. 900).

It follows from these views that the sums of twelve dollars each, aggregating sixty dollars, allowed during the month of November, 1930, was made without authority of law, because at that time, as shown, each member of the board had been allowed a sum above one thousand dollars, although less than one thousand two hundred fifty dollars, the maximum compensation for the first ten months of the year.

Affirmed.