ALLEN ANDERSON ET AL v. CITY OF BRIDGEPORT

SUPERIOR COURT      FAIRFIELD COUNTY      FILE NO. 68481

Memorandum filed April 29, 1946.

*Samuel Reich,* of Bridgeport, for the Plaintiff.

*Harry Schwartz,* of Bridgeport, for the Defendant.

MURPHY, J.   In this action, a group of present and former police officers of the city of Bridgeport are seeking to collect the balances of salary claimed to be due them for services from April 1, 1932, to March 31, 1938.

In its answer, the city sets up nine special defenses. The first special defense is that of the Statute of Limitations, which is incorporated by reference as a paragraph in each of the other special defenses.

To this special defense the plaintiffs have demurred for these reasons:   (a) The Statute of Limitations includes only those situations specifically set out in said statute and no others. (b) The plaintiffs as public officers are under no contractual obligation to the defendant.   (c) The Statute of Limitation is not a legal defense to said complaint and has no application thereto.   (d) All references to the Statute of Limitations as set out in paragraph 3 of the first defense, and references to the Statute of Limitations insofar as it may be set out in all the remaining defenses in said answer, are included in the demurrer.

Section 5507 of the General Statutes provides that "Each demurrer shall distinctly specify the reason or reasons why the pleading demurred to is insufficient." Paragraph (d) is not a reason in compliance with the statute, and paragraph (b) is a statement which should not be embodied in a demurrer. While paragraphs (a) and (c) are general rather than specific and hardly meet the requirements of our rules and practice, it seems advisable to pass upon the matter as treated in argument and brief by counsel.

The plaintiffs claim that their causes of action did not arise in contract or any other class listed in § 6005, and therefore that the Statute of Limitations is no defense. The defendant concedes that there was no contract of employment; that the plaintiffs served as public officers in the performance of a governmental duty. However, the defendant claims that once the services have been rendered there is an implied contract to pay for the services, and therefore the statute is a defense. This question does not appear to have been raised in the courts of this state before. But the United States Supreme Court has held: "But, after the services have been rendered, under a law, resolution, or ordinance which fixes the rate of compensation, there arises an impled contract to pay for those services at that rate. This contract is a completed contract." *Fisk* v. *Jefferson Police Jury,* 116 U. S. 131, 134; *Robertson* v. *Miller,* 276 U. S. 174, 179. The statute is therefore a good defense.

The plaintiffs have also demurred to paragraphs 26 to 33 inclusive of the seventh defense and paragraph 36 of the eighth defense. The reasons given are proper for a motion to correct or expunge but not for a demurrer.

The demurrer is overruled in its entirety.