**Joan A. KINNEY, Executrix and Surviving Spouse of Frank J. Kinney, Jr., Plaintiff–Appellant,**

v.

**CONNECTICUT JUDICIAL DEPARTMENT; William Curry, Comptroller, State of Connecticut; Francisco L. Borges, Treasurer, State of Connecticut; Ellen A. Peters, Chief Justice of Connecticut Supreme Court; and Aaron Ment, Chief Court Administrator, Connecticut Superior Court, Defendants–Appellees.**

**No. 1862, Docket 92–7378.**

United States Court of Appeals, Second Circuit.

Argued Aug. 12, 1992.

Decided Sept. 10, 1992.

Roger J. Frechette, Frechette & Frechette, New Haven, Conn., for plaintiff-appellant.

Thomas P. Clifford, III, Asst. Atty. Gen., Hartford, Conn. (Richard Blumenthal, Atty. Gen., Charles A. Overend, and Beth Z. Mar-

gulies, Asst. Attys. Gen., of counsel), for defendants-appellees.

Before: WINTER, MINER and McLAUGHLIN, Circuit Judges.

PER CURIAM:

The Honorable Frank J. Kinney, Jr. was a Judge of the Connecticut Superior Court from 1972 until his death in 1986. Judge Kinney was a respected jurist who undertook administrative responsibilities above and beyond the normal requirements of his office. Following his death, which might reasonably be attributed to long hours of work, appellant Joan A. Kinney, his surviving spouse, filed a claim for benefits under the Connecticut Workers' Compensation Act (the "Act"). Conn.Gen.Stat. § 31–275 *et seq.* (1987). After a Compensation Trial Commissioner found that there was an implicit employment contract between Judge Kinney and the State and that Judge Kinney was thus a state employee under the Act, appellant was awarded workers' compensation benefits. Conn.Gen.Stat. § 31–275(5). However, the State challenged the Commissioner's findings, and the Connecticut Supreme Court held that a Judge of the Superior Court is not an employee as defined in the Act. *See Kinney v. Connecticut,* 213 Conn. 54, 66, 566 A.2d 670 (1989). Appellant has now been denied workers' compensation benefits. She claims that this denial both impairs Judge Kinney's employment contract with the State and violates her Fifth and Fourteenth Amendment rights. We disagree.

States violate the Contract Clause when legislative action interferes with existing contractual relations. *See Ogden v. Saunders,* 25 U.S. (12 Wheat.) 212, 265–68, 6 L.Ed. 606 (1827). As the Supreme Court stated in *New Orleans Water–Works Co. v. Louisiana Sugar Refining Co.,* 125 U.S. 18, 8 S.Ct. 741, 31 L.Ed. 607 (1888), "[t]he prohibition is aimed at the legislative power of the State, and not at the decisions of its courts, or the acts of administrative or executive boards or officers, or the doings of corporations or individuals." *Id.* at 30, 8 S.Ct. at 747.

To be sure, a state court interpretation of a statute may be necessary for an unconstitutional interference with contractual rights to take effect, but the basis for that interference is nevertheless statutory. And, of course, the offending statute necessarily must be enacted after the contract in question has come into effect. A judicial decision that interprets a statute predating the contract in question cannot, therefore, trigger an unconstitutional interference.

In the instant matter, all relevant legislation predated Judge Kinney's employment by the State. Appellant's sole claim, therefore, is for a loss incurred because of a state court's interpretation of a statute. This is a result analytically indistinguishable from most losses incurred in litigation and not, by itself, a violation of the Contract Clause. *Fisk v. Jefferson Police Jury*, 116 U.S. 131, 6 S.Ct. 329, 29 L.Ed. 587 (1885), the authority on which appellant places her principal reliance, is thus distinguishable. That decision held only that the Contract Clause was violated when a state constitutional amendment, and the judicial decision applying it, impaired a *pre-existing* contract. *Id.* at 134–35, 6 S.Ct. at 330–32.

Appellant's Section 1983 claim was properly dismissed for the reasons given in Judge Dorsey's opinion, namely, that the Fifth and Fourteenth Amendments only apply to property interests recognized by state law. *See Paul v. Davis*, 424 U.S. 693, 710–11, 96 S.Ct. 1155, 1164–65, 47 L.Ed.2d 405 (1976); *West Farms Assocs. v. State Traffic Comm'n*, 951 F.2d 469, 472 (2d Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 1671, 118 L.Ed.2d 391 (1992).

Affirmed.